UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GOODE, an Individual,<br><br>                                  Plaintiff,<br><br>v.<br><br>ELC BEAUTY LLC, a Delaware Limited Liability Company; DOES 1 through 20, Inclusive,<br><br>                                  Defendants. | Case No.: 17-CV-0716-AJB-AGS<br><br>**ORDER GRANTING PARTIES' JOINT MOTION TO SEAL**<br><br>(Doc. No. 14) |

Presently before the Court is the parties' joint motion to seal an attachment to Defendant's notice of removal. (Doc. No. 14.) Having reviewed the parties' arguments in light of controlling authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision without oral argument. For the reasons set forth below, the Court **GRANTS** the parties' motion.

### BACKGROUND

This dispute arises from Plaintiff's employment with Defendant. She brings several causes of action under California state law. Plaintiff instituted this lawsuit in San Diego Superior Court, but Defendant removed the action to this Court when Plaintiff's settlement demand indicated the amount in controversy exceeded the jurisdictional minimum. Defendant attached the settlement demand to its notice of removal as Exhibit G. The parties now jointly move to have Exhibit G sealed.

### LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public

records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. In turn, the court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

However, where the material is, at most, "tangentially related to the merits of [the] case," the request to seal may be granted on a showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, because the "good cause" standard derives from Rule 26(c) of the Federal Rules of Civil Procedure, application of the "strong presumption of access to documents a court has already decided should be shielded from the public" is similarly inappropriate as it "would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders . . . ." *Id.* at 1097 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). "Even under the 'good cause' standard of Rule 26(c), however, a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document." *Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) (quoting *Kamakana*, 447 F.3d at 1180).

## DISCUSSION

The parties seek to seal Exhibit G attached to the notice of removal, which contains

a settlement demand. (Doc. No. 14 at 3.) The parties assert good cause exists to seal because it would promote the strong public policy of confidential settlement discussions and resolution of disputes outside the judicial process, and because harm to the parties outweighs the public's right of access. (*Id.* at 3–5.) The Court agrees.

Although "public access to filed motions and their attachments does not depend on whether the motion is 'dispositive,'" whether a motion is dispositive or nondispositive is relevant in determining which standard governs the Court's inquiry. *See Ctr. for Auto Safety*, 809 F.3d at 1101. The Court finds this factor favors finding the good cause standard applies because removal of an action to federal court does not adjudicate the parties' substantive rights. *Id.* at 1098 (noting dispositive motions are those that "adjudicate[] substantive rights"). The Court further finds that Exhibit G is "tangentially related" to the merits of the underlying case given that its contents affect only the Court's jurisdiction. The Court therefore finds that Rule 26(c)'s "good cause" standard governs here.

Having reviewed Exhibit G, the Court finds the parties have satisfied the good cause standard because the document contains Plaintiff's settlement demand. As the Ninth Circuit has recognized, "courts have granted protective orders to protect confidential settlement agreements." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The Court further finds that the proposed redaction is "narrowly tailored" to seal only sealable material.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** the parties' joint motion to seal. (Doc. No. 14.) The Clerk of Court is **INSTRUCTED** to file Exhibit G to the notice of removal, (Doc. No. 1-8), under seal.

**IT IS SO ORDERED.**

Dated: May 26, 2017

Hon. Anthony J. Battaglia
United States District Judge